

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 06 2012
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ZACHARY LADNER, A MINOR, BY KRYSTAL LADNER,
NATURAL GUARDIAN AND NEXT FRIEND                           PLAINTIFF

V.                                                  CAUSE NO.: 2:12cv19 KS-MTP

FORREST GENERAL HEALTH SERVICES, INC.
d/b/a FORREST GENERAL HOSPITAL,
HIGHLAND COMMUNITY HOSPITAL,
JAMES WINDER, M.D., PICAYUNE EYE CLINIC, P.A.
d/b/a PICAYUNE EYE CLINIC
and LORI L. BLACKMER, M.D.                                DEFENDANTS

## COMPLAINT

COMES NOW, the plaintiff Zachary Ladner, by and through his natural guardian and next friend Krystal Ladner and his attorneys, Merkel & Cocke, P.A., and files his complaint against the defendants, and in support of said complaint would show unto the Court the following:

1.   The plaintiff Zachary Ladner (date of birth February 27, 2004) is a minor resident citizen of the state of Louisiana, who resides at 22474 Highway 436, Bogalusa, Louisiana, 70427, with his mother, Krystal Ladner who as natural guardian and next friend brings this action on his behalf.

2.   The defendant Forrest General Health Services, Inc., d/b/a Forrest General Hospital ("Forrest General Hospital") is a community hospital as defined by the Mississippi Tort Claims Act (MTCA) Miss. Code Ann. 11-46-1, et seq. located in Forrest County, Mississippi, which as a Hospital Political Subdivision is subject to the provisions of Mississippi Tort Claims Act. Process may be had upon such defendant by serving Evan S. Dillard, its registered agent for process.

3.   The defendant Highland Community Hospital which operates a hospital in Picayune, Mississippi, is on information and belief a wholly owned subsidiary of Forrest General

Hospital. Process may be obtained upon such defendant by service upon Mark Stockstill, Administrator, its registered agent for process.

4. The defendant James Winder, M.D., is presently an adult resident citizen of the state of Tennessee, but was at the time of the events complained of herein an emergency room physician practicing in the Highland Community Hospital in Picayune, Pear River County, Mississippi, who by virtue of having committed a tort within the state of Mississippi has appointed the Secretary of State as his registered agent for process. All negligent actions or omissions of the defendant Winder are attributable to Highland Community Hospital and to Forrest General Hospital, and each such entity is vicariously liable for the negligent acts and omissions of defendant Winder.

5. The defendant Picayune Eye Clinic, P.A., d/b/a Picayune Eye Clinic, a former professional association, is now an unincorporated business entity through which the defendant Lori L. Blackmer and others negligently rendered opthalmological care to the plaintiff at 908 6th Avenue, Picayune, Pearl River County, Mississippi. Process can be obtained on this defendant by service upon its registered agent for process Lori L. Blackmer.

6. The defendant Lori L. Blackmer, M.D. is an adult resident citizen of the state of Mississippi and a medical professional practicing at the Picayune Eye Clinic in Picayune, Pearl River County, Mississippi, who may be served with process at her place of business or wherever she may be found within the state of Mississippi.

7. The defendant Highland Community Hospital is vicariously liable for all negligent acts and omissions of the defendant Winder, and the defendant Forrest General Hospital is vicariously liable for the negligent acts and omissions of the defendants Winder and Highland Community Hospital as well as its own negligent acts and omissions.

8. The defendant Picayune Eye Clinic is vicariously liable for all negligent acts and omissions of the defendant Blackmer, the unidentified doctor who as agent of the clinic declined to examine plaintiff on the morning of November 6, 2009, and all agents and employees involved in negligently affecting his transfer to Forrest General Hospital on November 6, 2009.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court inasmuch as there exists complete diversity of citizenship between the parties plaintiff and the parties defendants and the amount in controversy exceeds the $75,000 minimum jurisdictional limit of this Court.

10. Venue is proper in this Court inasmuch as all the acts of negligence complained of occurred within the Southern District of Mississippi and all defendants, except the defendant Winder, continue to be present within the Southern District and Winder committed torts within the Southern District where he at the time resided.

11. Attached as Exhibit "A" to this Complaint are copies of plaintiff's notices of intent to bring this lawsuit which were served by certified mail upon each of the named defendants as evidenced by the return receipts which are attached as collective Exhibit "B". The notice of intent provided to each of the named defendants satisfies the requirements of Mississippi Code Annotated §15-1-36(15) and §11-46-11 (Rev. 2002).

12. Attached as Exhibit "C" is a Certificate of Consultation executed by the undersigned which satisfies the requirements of Mississippi Code Annotated §11-1-58.

13. Plaintiff has satisfied all necessary statutory and procedural requirements and is authorized to bring this civil action.

## FACTS

14. On the late afternoon of November 5, 2009, minor plaintiff Zachary Ladner (date of birth February 27, 2004) immediately after being struck in the left eye by a thrown projectile presented to the emergency room of Highland Community Hospital in Picayune, Mississippi, complaining of a traumatic injury to his left eye which had resulted in a full thickness laceration of the cornea.

15. The minor plaintiff was seen and examined by personnel of the Highland Community Hospital emergency room including the defendant James Winder, M.D., who negligently misdiagnosed the full thickness laceration of plaintiff's left eye as an abrasion, failed to appreciate the emergent issues presented by a full thickness traumatic laceration of the eye or open globe injury and attempted a perfunctory and inadequate consultation by telephone with defendant Dr. Lori Blackmer, who negligently declined to come in and examine Zachary's eye on the evening of November 5, 2009, but advised the emergency room to discharge Zachary to his home with instructions to consult the Picayune Eye Clinic the following day to be "worked in."

16. On the following morning prior to the opening of the Picayune Eye Clinic, Krystal Ladner, the mother of Zachary Ladner, was waiting with her son in the parking lot of the Picayune Eye Clinic where she was advised by an unidentified doctor arriving at the clinic that he didn't deal with children but she could return to the clinic after 1:00 p.m. at such time as Dr. Blackmer might be present. The unidentified agent of the Picayune Eye Clinic failed to examine Zachary Ladner, failed to appreciate the seriousness of his emergent condition, and failed to refer or transfer him immediately to a facility where a repair could be conducted.

17. The minor plaintiff was finally examined by an exam technician at the Picayune Eye Clinic, at approximately 1:00 p.m. on November 6, 2009, and the diagnosis of an extensive corneal

laceration 4 millimeters or greater in size was immediately made. The patient was directed by agents of the Picayune Eye Clinic to proceed to Hattiesburg to the Forrest General Hospital for emergency surgical repair of his corneal laceration.

18. On the afternoon of November 6, 2009, as instructed, Krystal Ladner drove the minor plaintiff to Forrest General Hospital. The minor plaintiff was received in the emergency room of Forrest General Hospital where, despite the prior transfer and referral arrangements purportedly made by Picayune Eye Clinic, the patient sat for hours untreated and unattended until he was discharged to be driven by his mother to University Medical Center ("UMC"), Jackson, Mississippi, because defendant Forrest General Hospital could not locate or provide opthalmological coverage capable of repairing the laceration.

19. The aforenamed defendants are all liable to plaintiff for their acts and omissions of negligence and gross negligence which combined to cause his readily apparent and devastating eye injury which was in need of immediate emergent surgical repair to go untreated until the early morning hours of November 7, 2009, an unnecessary delay of more than 30 hours after medical care and treatment was initially sought.

20. As a direct and proximate result of the defendants' collective failures to properly diagnose, treat, and manage Zachary Ladner's care, he developed a tractional retinal detachment and he has permanently lost the vision in his left eye; sustained a permanent impairment and disfigurement; suffered physical pain and mental anguish; sustained a diminishment of future career opportunities; and a loss of earning capacity; and incurred substantial medical expenses related to eye repairs which because of the negligent delay were rendered ultimately useless and ineffective. In addition, patient has sustained past present and future loss of enjoyment of life, past present and future mental and emotional anguish, loss of future wage earning capacity, and other damages which may be proved at trial.

21. Plaintiff seeks recovery for these and all other damages allowed by law in an amount to be determined by a jury at trial, but in excess of the jurisdictional minimum requirement of this Court.

22. Plaintiff respectfully demands a trial by jury on all issues so triable.

Respectfully submitted, this the 3 day of February, 2012.

>MERKEL & COCKE
>A Professional Association
>Post Office Box 1388
>30 Delta Avenue
>Clarksdale, Mississippi 38614
>(662) 627-9641
>(662) 627-3592 telefax
>
>By: _____
>CHARLES M. MERKEL, JR. (MSB2884)